In the Matter of DARRELL CARPENTER, Appellant, against JUSTICES OF THE COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK et al., Respondents.

First Department, January 26, 1954.

*C. Frank Ortloff* for appellant.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondents.

BASTOW, J. The petitioner appeals from an order denying his application for an order under article 78 of the Civil Practice Act prohibiting the Justices of the Court of Special Sessions and one Jacqueline Leonardi from proceeding with a hearing of a complaint in a filiation proceeding brought against the appellant by the respondent, Leonardi.

The respondent, Leonardi, is a resident of the State of Connecticut. She alleged in her petition presented to the Court of Special Sessions that appellant was the father of her unborn child. The appellant is employed in the city of New York but resides in the State of New Jersey. He challenges the jurisdiction of the court. The problem posed is whether the Court of Special Sessions has jurisdiction of a filiation proceeding where the mother and putative father are nonresidents but the mother personally appeared in this State and commenced the proceeding against the nonresident putative father who was found within this State.

The respondents contend that the court has jurisdiction by virtue of the provisions of section 122 of the Domestic Relations Law and section 64 of the New York City Criminal Courts Act. The pertinent portion of the latter section provides that "Proceedings may be instituted if the mother or child resides or is found in the city of New York, or if the putative father resides or is found in the city of New York". Section 122 of the Domestic Relations Law states that "Complaints may be made in the county where the mother or child resides or is found or in the county where the putative father resides or is found".

Section 135 of the Domestic Relations Law relates to jurisdiction of such proceedings and provides that " Jurisdiction over proceedings to compel support is vested in the courts enumerated in section one hundred and twenty-two, paragraph three. It is not a bar to the jurisdiction of the court that the complaining mother or child resides in another county or state, if the defendant be a resident of this state ".

These sections of the Domestic Relations Law are part of article VIII of that law which was enacted in 1925 and was patterned to a large extent after the Uniform Illegitimacy Act. In determining the intent of the Legislature it is significant to note, however, that the corresponding section of the Uniform Act (§ 33) provided only that it was not a bar to the jurisdiction of the court that the complaining mother or child resided in another state. The proviso " if the defendant be a resident of this state " was added by our Legislature.

The Court of Appeals in *Feyler* v. *Mortimer* (299 N. Y. 309) gave consideration to section 135 of the Domestic Relations Law. There the mother, a resident of Germany, without appearing in this State filed a paternity proceeding complaint in the Court of Special Sessions of New York City, charging the defendant, a resident of New York County, with having fathered her child while he was in Germany. It was contended

by the mother that the Court of Special Sessions had jurisdiction by virtue of the provisions of section 64 of the New York City Criminal Courts Act because it was shown that the putative father resided in the city of New York. It was held, however, that the apparent right to maintain the action under that section must yield to the limitation of section 135 of the Domestic Relations Law which barred the action. In discussing this section the court wrote that "As its title, its location and its content make manifest, that section is controlling in all suits involving paternity proceedings and defines the jurisdiction of every court hearing such matters". (P. 313.)

In passing upon respondents' contention that section 64 of the New York City Criminal Courts Act grants jurisdiction to the Court of Special Sessions in this proceeding we may not in the words of Judge FULD in *Feyler* v. *Mortimer* (*supra,* p. 315) " close our eyes to the provisions of [§ 135] ". Moreover, there appear to be sound reasons to sustain the plain language of the statute limiting the right of a mother resident in a foreign State to seek relief in the courts of this State only against a resident of this State. No reason has been suggested why the jurisdiction of the courts of this State with their congested calendars should be invoked to hear, determine and enforce judgments in a proceeding where both the mother and putative father are residents of a foreign State.

The order appealed from should be reversed, without costs, and the application for an order of prohibition granted. Settle order on notice.

PECK, P. J., CALLAHAN, BOTEIN and BERGAN, JJ., concur.

Order unanimously reversed, without costs, and the application for an order of prohibition granted. Settle order on notice.